**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| TEMSCO HELICOPTERS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 5:07-cv-0001 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| UNITED STATES OF AMERICA, | ) | [Re: Motion at Docket 63] |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Counterclaim-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TEMSCO HELICOPTERS, INC., | ) | |
| | ) | |
| Counterclaim-Defendant. | ) | |
| | ) | |

## I. MOTION PRESENTED

At docket 63, plaintiff/counterclaim-defendant Temsco Helicopters, Inc. ("Temsco") requests an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 68. At docket 64, defendant/counterclaim-plaintiff United States of America ("the government") opposes the motion. Temsco replies at docket 65. Oral argument was not requested and it would not assist the court.

## II.  BACKGROUND

On March 31, 2007, Temsco filed a complaint against the government, alleging that the Internal Revenue Service ("IRS") wrongfully assessed taxes against it from 2001 through 2004.[1]  On May 21, 2008, the government filed an answer and counterclaim, seeking back taxes from Temsco.[2]  On March 14, 2008, Temsco served an offer of judgment on the government pursuant to Federal Rule of Civil Procedure 68. Temsco offered to allow judgment to be entered against it and in favor of the government in full settlement of the government's claims for the total sum of $400,000.00, "inclusive of all claims for air transportation excise taxes, statutory interest, attorney fees, penalties, and any and all claims related thereto."  The offer of judgment stated that "[i]f this Offer is not accepted and if judgment or settlement finally obtained by the Defendant is not more favorable than the offer, Plaintiff shall seek the recovery of its costs and attorney's fees from the date hereof."[3]  The government rejected the offer of judgment.

The parties subsequently filed cross motions for summary judgment.[4]  Oral argument was heard on the motions.  By order dated November 13, 2008, the court granted Temsco's motion for summary judgment and denied the government's motion for summary judgment.[5]  On February 3, 2009, the court entered judgment in favor of Temsco and against the government in the sum of $16,420.88, representing "(1) the payment of air transportation excise tax made by [Temsco] for the second and third quarters of 2001, 2002, 2003, and 2004; and (2) the amount that [Temsco] overpaid in other federal taxes erroneously applied by the [IRS] to the amount claimed owed for air

---

[1] Doc. 1.

[2] Doc. 3.

[3] Doc. 63-2 at p. 3.

[4] Docs. 32 and 40.

[5] Doc. 55.

Case 5:07-cv-00001-JWS   Document 73   Filed 06/02/09   Page 2 of 6

transportation excise tax, including interest."[6]  The judgment states that Temsco has no liability to the government with respect to air transportation excise taxes and the government takes nothing by way of its counterclaim.[7]

Temsco now seeks an award of attorneys' fees and costs pursuant to the cost-shifting provision in Rule 68.  Temsco avers that it incurred $236,976.00 in attorneys' fees and $32,791.85 in costs defending itself from the date it made the offer of judgment.

## III.  APPLICABLE LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 68(a), "[m]ore than 10 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  If the offeree rejects the offer and "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."[8]  The term "costs" in Rule 68 "refer[s] to all costs properly awardable under the relevant substantive statute or other authority."[9]  Where the relevant substantive statute defines "costs" as including attorneys' fees, "such fees are to be included as costs for purposes of Rule 68."[10]  "The award is mandatory; Rule 68 leaves no room for the court's discretion."[11]  "The plain purpose of Rule 68 is to encourage settlement and avoid litigation."[12]  "The Rule prompts both parties to a suit to evaluate

---

[6]Doc. 60 at p. 2.

[7]Doc. 60 at p. 2.

[8]Fed. R. Civ. P. 68(d).

[9]*Marek v. Chesny*, 473 U.S. 1, 9 (1985).

[10]*United States v. Trident*, 92 F.3d 855, 860 (9th Cir. 1996).

[11]*Id.* at 859.

[12]*Marek*, 473 U.S. at 5.

the risks and costs of litigation and to balance them against the likelihood of success upon trial on the merits."[13]

## IV. DISCUSSION

Temsco argues that it is entitled to an award of attorneys' fees and costs under Rule 68 because the judgment it obtained was more favorable than its rejected offer of judgment, and the relevant substantive statute, 26 U.S.C. § 7430, defines "costs" to include reasonable attorneys' fees. The government does not dispute that it rejected an offer of judgment from Temsco, that Temsco obtained a judgment more favorable than its offer of judgment, or that the relevant substantive statute is 26 U.S.C. § 7430. The government argues that Temsco is not entitled to attorneys' fees and costs under Rule 68 because "Temsco has failed to show entitlement to an award under the relevant substantive statute, 26 U.S.C. § 7340, and because the United States' position in the litigation was substantially justified."[14]

Section 7430 provides that in any "court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for . . . reasonable litigation costs," including "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding."[15] The statute defines a "prevailing party" as a party which "has substantially prevailed with respect to the most significant issue or set of issues presented," and meets the net worth requirement set forth in 28 U.S.C. § 2412(d)(2)(B), which defines "party" as "any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed."[16] However, Section 7430 further provides that "[a] party shall not be treated as the

---

[13]*Id.*

[14]Doc. 64 at p. 7.

[15]26 U.S.C. § 7430(a)(2) and (c)(1)(B)(iii).

[16]26 U.S.C. § 7430(c)(4)(A)(I) and (ii).

-4-

prevailing party . . . if the United States establishes that the position of the United States in the proceeding was substantially justified."[17] The determination as to whether a party is a prevailing party shall be made by agreement of the parties or by the court.[18]

Here, it is undisputed that Temsco substantially prevailed with respect to the most significant issues presented in the litigation. However, the government argues that Temsco is not entitled to an award of attorneys' fees and costs as a prevailing party under Rule 68 because Temsco has failed to show that its net worth does not exceed $7,000,000. Temsco does not address the government's argument, nor present any evidence of its net worth. Rather, Temsco summarily replies that it is not seeking to recovers its attorneys' fees and costs as a "prevailing party" under 26 U.S.C. § 7430; rather, it is seeking an award of attorneys' fees and costs under Rule 68.

Temsco's argument is unavailing because the Ninth Circuit has explicitly ruled that "the cost-shifting provision of Federal Rule of Civil Procedure 68 does not permit an award of post-offer attorneys' fees when the underlying [] statute authorizes an award of attorneys' fees to a prevailing party as part of costs, but when the party seeking attorneys' fees under the rule is not a prevailing party within the meaning of that statute."[19] To determine the interplay between Rule 68 and the relevant substantive statute, the court "must construe the 'plain meaning' interpretation of both the Rule and the statute in a manner that gives meaning to every word in each."[20] Here, the plain language of Section 7430 indicates that attorneys' fees may be awarded only to a "prevailing party" as defined by that statute.

Because Temsco has not demonstrated that it meets the net worth requirement set forth in 26 U.S.C. § 7430(c)(4)(A)(ii), Temsco is not a prevailing party within the meaning of the relevant substantive statute, and thus is not entitled to an award of

---

[17] 26 U.S.C. § 7430(c)(4)(B)(I).

[18] 26 U.S.C. § 7430(c)(4)(C)(ii).

[19] *Champion Produce, Inc. v. Ruby Robinson Co, Inc.*, 342 F.3d 1016, 1019 (9th Cir. 2003).

[20] *Trident*, 92 F.3d at 860.

Case 5:07-cv-00001-JWS   Document 73   Filed 06/02/09   Page 5 of 6

"costs" under Rule 68.[21] That being so, the court need not address the issue of whether the government established that its position in the litigation was substantially justified.[22]

## V. CONCLUSION

For the reasons set out above, Temsco's motion for attorneys' fees and costs at docket 63 is **DENIED**.

DATED at Anchorage, Alaska, this 2nd day of June 2009.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[21] *Champion*, 342 F.3d at 1031 (holding that "attorneys' fees are not 'properly awardable' to a defendant in a case where the relevant statute awards attorneys' fees to a prevailing party unless the defendant is a prevailing party within the meaning of that statute").

[22] *Pacific Fisheries Inc. v. United States*, 484 F.3d 1103, 1107 (9th Cir. 2007) ("The fee-shifting statute provides that a party may not be treated as the prevailing party if 'the *United States* establishes that the position of the United States in the proceeding was substantially justified.'")